UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**ALIET PANEQUE**, individually

     Plaintiff,

v.

**AWA SECURITY, INC.**,
a Florida corporation,
**ALEJANDRO GUTIERREZ**,
individually,
**AGO SECURITY & SERVICE INC.**,
a Florida corporation,
**MARCOS MARTIN DE LUCA**,
individually,

     Defendants.

_____/

## **COMPLAINT**

Plaintiff, ALIET PANEQUE ("Paneque"), under the provisions of the Fair Labor Standard Act of 1938 ("FLSA"), Section 448.102 of the Florida Statutes, and the Family and Medical Leave Act of 1993 ("FMLA"), files this Complaint against Defendants, AWA SECURITY, INC. ("AWA"), ALEJANDRO GUTIERREZ ("Gutierrez"), AGO SECURITY & SERVICE INC. ("AGO"), and MARCOS MARTIN DE LUCA ("De Luca"), and alleges, as follows:

## **PARTIES, JURISDICTION, AND VENUE**

1.    This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2.      At all material times, AWA is, and was, a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida.

3.      At all material times, AGO is, and was, a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida.

4.      At all material times, Gutierrez, is *sui juris* and a resident of Miami-Dade County, Florida.

5.      At all material times, De Luca, is *sui juris* and a resident of Miami-Dade County, Florida.

6.      At all material times, Paneque, is *sui juris* and a resident of Miami-Dade County, Florida.

7.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

8.      Upon information and belief, AWA and AGO are alter ego entities considered joint under the FLSA.

9.      Upon information and belief, the annual gross revenue of AWA and AGO was at all times material hereto, in excess of $500,000.00 per annum.

10.     At all material times hereto, AWA and AGO were and continue to be enterprises engaged in interstate commerce.

11.     At all material times hereto, AWA and AGO operated as organizations which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions

traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

12.     As a result of the services provided by AWA and AGO, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

13.     By reason of the foregoing, AWA and AGO are and were, during all times material hereto, enterprises engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

14.     Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

15.     Upon information and belief, Gutierrez is the president of AWA and has economic and day-to-day control of AWA, and of the nature and structure of Plaintiff's employment relationship with AWA and is therefore an employer as defined by 29 U.S.C. Section 203(d).

16.     Upon information and belief, De Luca is the president of AGO and has economic and day-to-day control of AGO, and of the nature and structure of Plaintiff's employment relationship with AGO and is therefore an employer as defined by 29 U.S.C. Section 203(d).

## **GENERAL ALLEGATIONS**

17.     Upon information and belief, Defendants employed Plaintiff from approximately March 2018 to May 2019 ("the relevant time period").

18.     During the relevant time period, Plaintiff was employed as a non-exempt Supervisor earning an average of $17.70 per hour.

19.     Throughout her employment with Defendants, Plaintiff routinely worked for a total of sixty-eight (68) hours per week, forty (40) regular hours and twenty-eight (28) overtime hours.

20.     Notwithstanding, Defendants failed/refused to pay to Plaintiff the required overtime wages as required by the FLSA.

21.     Defendants willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime wages for all hours worked by Plaintiff.

22.     Defendants knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

23.     As a result, Plaintiff has suffered damages and is entitled to receive overtime wage compensation.

24.     Additionally, in or about January 2019, Plaintiff provided information to the Department of Labor ("DOL") regarding an alleged violation.

25.     Following Plaintiff's communication with the DOL, on or about March 15, 2019, she was removed from her office and had her hours reduced.

26.     In addition, on or about April 12, 2019, Plaintiff injured her arm/elbow outside of her employment.

27.     At the request of De Luca, Plaintiff submitted medical documentation reflecting her injury and surgery and her eligibility to return to work.

28.     Plaintiff was out of work for twenty (20) days and returned to work on or about May 6, 2019.

29.     Subsequently, four (4) days after her return, on or about May 10, 2019, Plaintiff was terminated.

30.     Plaintiff has complied with all conditions precedent to filing this action.

31.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

**PRE-SUIT DEMAND**

32.     On June 3, 2019, Plaintiff through her undersigned counsel, sent to Defendants a written pre-suit demand regarding the FLSA and FMLA violations, and requesting that they pay the amounts owed to Plaintiff, but Defendants failed/refused to do so ("Demand").

**COUNT I
OVERTIME (FLSA)
AGAINST AWA**

33.     Plaintiff re-alleges the allegations in paragraphs one (1) through thirty-two (32) above.

34.     This is an action against AWA for overtime compensation pursuant to 29 U.S.C. § 216(b).

35.     Plaintiff routinely worked in excess of forty (40) hours per week for AWA.

36.     Specifically, Plaintiff estimates that she worked for AWA for a total of sixty-eight (68) hours per week, forty (40) regular hours and twenty-eight (28) overtime hours.

37.     Plaintiff was a non-exempt hourly employee, entitled to be compensated at the rate of one and one-half her regular rate for all hours worked in excess of forty (40) hours per week.

38.     Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime as defined in 29 U.S.C. § 203(g).

39.     AWA failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which she was employed, contrary to the provisions of 29 U.S.C. § 207(a).

40.     At all material times, AWA knew or should have known that such refusal and/or failure is prohibited by the FLSA.

41.     Notwithstanding, AWA intentionally and willfully violated the FLSA, as cited herein.

42.     At all material times, AWA failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

43.     As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

**COUNT II**
**OVERTIME (FLSA)**
**AGAINST GUTIERREZ**

44.     Plaintiff re-alleges the allegations in paragraphs one (1) through thirty-two (32) above.

45.     This is an action against Gutierrez for overtime compensation pursuant to 29 U.S.C. § 216(b).

46.     Plaintiff routinely worked in excess of forty (40) hours per week for Gutierrez.

47.     Specifically, Plaintiff estimates that she worked for Gutierrez for a total of sixty-eight (68) hours per week, forty (40) regular hours and twenty-eight (28) overtime hours.

48.     Gutierrez had day-to-day and operational control of Plaintiff and her compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

49.     Plaintiff was a non-exempt hourly employee, entitled to be compensated at the rate of one and one-half her regular rate for all hours worked in excess of forty (40) hours per week.

50.     Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime as defined in 29 U.S.C. § 203(g).

51.     Gutierrez failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which she was employed, contrary to the provisions of 29 U.S.C. § 207(a).

52.     At all material times, Gutierrez knew or should have known that such refusal and/or failure is prohibited by the FLSA.

53.     Notwithstanding, Gutierrez intentionally and willfully violated the FLSA, as cited herein.

54.     At all material times, Gutierrez failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

55.     As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

**COUNT III**
**OVERTIME (FLSA)**
**AGAINST AGO**

56.     Plaintiff re-alleges the allegations in paragraphs one (1) through thirty-two (32) above.

57.     This is an action against AGO for overtime compensation pursuant to 29 U.S.C. § 216(b).

58.     Plaintiff routinely worked in excess of forty (40) hours per week for AGO.

59.     Specifically, Plaintiff estimates that she worked for AGO for a total of sixty-eight (68) hours per week, forty (40) regular hours and twenty-eight (28) overtime hours.

60.     Plaintiff was a non-exempt hourly employee, entitled to be compensated at the rate of one and one-half her regular rate for all hours worked in excess of forty (40) hours per week.

61.     Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime as defined in 29 U.S.C. § 203(g).

62.     AGO failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which she was employed, contrary to the provisions of 29 U.S.C. § 207(a).

63.     At all material times, AGO knew or should have known that such refusal and/or failure is prohibited by the FLSA.

64.     Notwithstanding, AGO intentionally and willfully violated the FLSA, as cited herein.

65.     At all material times, AGO failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

66.     As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

**COUNT IV**
**OVERTIME (FLSA)**
**AGAINST DE LUCA**

67.     Plaintiff re-alleges the allegations in paragraphs one (1) through thirty-two (32) above.

68.     This is an action against De Luca for overtime compensation pursuant to 29 U.S.C. § 216(b).

69.     Plaintiff routinely worked in excess of forty (40) hours per week for De Luca.

70.     Specifically, Plaintiff estimates that she worked for De Luca for a total of sixty-eight (68) hours per week, forty (40) regular hours and twenty-eight (28) overtime hours.

71.     De Luca had day-to-day and operational control of Plaintiff and her compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

72.     Plaintiff was a non-exempt hourly employee, entitled to be compensated at the rate of one and one-half her regular rate for all hours worked in excess of forty (40) hours per week.

73.     Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime as defined in 29 U.S.C. § 203(g).

74.     De Luca failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which she was employed, contrary to the provisions of 29 U.S.C. § 207(a).

75.     At all material times, De Luca knew or should have known that such refusal and/or failure is prohibited by the FLSA.

76.     Notwithstanding, De Luca intentionally and willfully violated the FLSA, as cited herein.

77.     At all material times, De Luca failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

78.     As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

**COUNT V**
**RETALIATION (FLSA)**
**AGAINST AWA**

79.     Plaintiff re-alleges the allegations in paragraphs one (1) through thirty-two (32) above.

80.     This is an action against AWA for retaliation, in violation of § 215(a)(3) of the FLSA.

81.     AWA unlawfully retaliated based on Plaintiff's lawful opposition to AWA's unlawful employment practices. Specifically, AWA retaliated in response to Plaintiff's report of unpaid overtime wage compensation.

82.     AWA terminated Plaintiff's employment on or about May 10, 2019, in retaliation to her opposition of AWA's overtime wage compensation practices, in violation of § 215(a)(3) of the FLSA.

83.     As a result, Plaintiff has suffered damages and is entitled to be compensated for her losses, damages, penalties, and attorney's fees.

**COUNT VI**
**RETALIATION (FLSA)**
**AGAINST GUTIERREZ**

84.     Plaintiff re-alleges the allegations in paragraphs one (1) through thirty-two (32) above.

85.     This is an action against Gutierrez for retaliation, in violation of § 215(a)(3) of the FLSA.

86.     Gutierrez unlawfully retaliated based on Plaintiff's lawful opposition to Gutierrez's unlawful employment practices. Specifically, Gutierrez retaliated in response to Plaintiff's report of unpaid overtime wage compensation.

87.     Gutierrez terminated Plaintiff's employment on or about May 10, 2019, in retaliation to her opposition of Gutierrez's overtime wage compensation practices, in violation of § 215(a)(3) of the FLSA.

88.     As a result, Plaintiff has suffered damages and is entitled to be compensated for her losses, damages, penalties, and attorney's fees.

**COUNT VII**
**RETALIATION (FLSA)**
**AGAINST AGO**

89.     Plaintiff re-alleges the allegations in paragraphs one (1) through thirty-two (32) above.

90.     This is an action against AGO for retaliation, in violation of § 215(a)(3) of the FLSA.

91.     AGO unlawfully retaliated based on Plaintiff's lawful opposition to AGO's unlawful employment practices. Specifically, AGO retaliated in response to Plaintiff's report of unpaid overtime wage compensation.

92.     AGO terminated Plaintiff's employment on or about May 10, 2019, in retaliation to her opposition of AGO's overtime wage compensation practices, in violation of § 215(a)(3) of the FLSA.

93.     As a result, Plaintiff has suffered damages and is entitled to be compensated for her losses, damages, penalties, and attorney's fees.

## COUNT VIII
## RETALIATION (FLSA)
## AGAINST DE LUCA

94.     Plaintiff re-alleges the allegations in paragraphs one (1) through thirty-two (32) above.

95.     This is an action against De Luca for retaliation, in violation of § 215(a)(3) of the FLSA.

96.     De Luca unlawfully retaliated based on Plaintiff's lawful opposition to De Luca's unlawful employment practices. Specifically, De Luca retaliated in response to Plaintiff's report of unpaid overtime wage compensation.

97.     De Luca terminated Plaintiff's employment on or about May 10, 2019, in retaliation to her opposition of De Luca's overtime wage compensation practices, in violation of § 215(a)(3) of the FLSA.

98.     As a result, Plaintiff has suffered damages and is entitled to be compensated for her losses, damages, penalties, and attorney's fees.

<u>COUNT IX</u>
**RETALIATION (§ 448.102, FLORIDA STATUTES)**

99.     Plaintiff re-alleges the allegations in paragraphs one (1) through thirty-two (32) above.

100.     This is an action for retaliation, in violation of § 448.102, Florida Statutes, otherwise referred to as the Florida Private Sector Whistleblower Act ("FWA").

101.     Defendants are covered employers under the FWA.

102.     Plaintiff is a covered employee under the FWA.

103.     The FWA governs employer retaliation prohibitions, and provides, in pertinent part:

> An employer may not take any retaliatory personnel action against an employee because the employee has:
> ***
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.

104.     On or about 15, 2019, Defendants unlawfully retaliated against Plaintiff after she provided information to the DOL regarding an alleged violation, by removing her from her office and reducing her hours.

105.     Defendants' treatment of Plaintiff constitutes a retaliatory personnel action against Plaintiff, in violation of § 448.102, Florida Statutes.

106.     Defendants' unlawful retaliation against Plaintiff was willful, malicious, and taken with reckless indifference to Plaintiff's rights.

107.     As a result, Plaintiff has suffered damages and is entitled to be compensated for her losses, damages, penalties, and attorney's fees.

<u>**COUNT X**</u>
**RETALIATION (FMLA)**

108.    Plaintiff re-alleges the allegations in paragraphs one (1) through thirty-two (32) above.

109.    This is an action for retaliation in violation of the FMLA.

110.    The FMLA entitles employees to a total of twelve (12) weeks of leave during any twelve (12) month period for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition.

111.    Additionally, it also provides that an employer may not terminate a person who provides notice of a need for leave that qualifies under the FMLA.

112.    Furthermore, an employee who takes leave under the FMLA is entitled to be restored to the same or an equivalent position upon returning from leave.

113.    Defendants are "employers" as defined by the FMLA, 29 U.S.C. § 2611(4).

114.    Plaintiff is an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2).

115.    In retaliation to Plaintiff's lawful invocation of medical leave, Defendants unlawfully terminated her employment upon her return to work.

116.    In its regulations, the DOL has made it unlawful to discriminate against employees who have used FMLA leave or to use the taking of FMLA leave as a negative factor in hiring, promotion decisions, discipline, or other employment actions, 20 C.F.R. § 825.220(c).

117.    As a result, Plaintiff has suffered damages and is entitled to be compensated for her losses, damages, penalties, and attorney's fees.

<u>**PLAINTIFF'S DEMAND FOR JURY TRIAL**</u>

118.    Plaintiff hereby demands a jury trial of all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Aliet Paneque, respectfully requests that judgment be entered in her favor against Defendants AWA Security, Inc., Alejandro Gutierrez, AGO Security & Service Inc., and Marcos Martin De Luca, as follows:

(a)    Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the FLSA;

(b)    Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the FLSA;

(c)    Awarding Plaintiff damages against Defendants, for lost and withheld compensation, and overtime wages compensation for all hours that she worked for Defendants over forty (40) hours per week, but for which she was not compensated at the required overtime rate;

(d)    Declaring that the acts of Defendants complained of herein are in violation of the Florida Statutes;

(e)    Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the Florida Statutes;

(f)    Declaring that the acts of Defendants complained of herein are in violation of the FMLA;

(g)    Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the FMLA;

(h)    Awarding Plaintiff liquidated damages;

(i)    Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(j)      Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 8th day of August 2019.


By: /s/ Henry Hernandez
Henry Hernandez, Esq.
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
*Co-Counsel for Plaintiff*
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: Henry@HHLAWFLORIDA.com
Tel: 305.771.3374

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
*Co-Counsel for Plaintiff*
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: me@espino-law.com
Tel: 305.704.3172